| PROB 22 (Rev. 2/88) | **TRANSFER OF JURISDICTION** | DOCKET NUMBER *(Tran. Court)* 1:93cr119-1 |
|---|---|---|
| | | DOCKET NUMBER *(Rec. Court)* CR 05-152-D-M1 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Michael Landry<br>10233 N. River Road, Lot 32<br>Port Allen, Louisiana 70767 | Eastern District of Texas | Beaumont |

**NAME OF SENTENCING JUDGE**

Joe J. Fisher, U.S. District Judge; Case reassigned to Howell Cobb, U.S. District Judge, on January 9, 2001

| DATES OF PROBATION/SUPERVISED RELEASE: | FROM October    2003 | TO October    2008 |
|---|---|---|

**OFFENSE**

Unlawfully Taking a Motor Vehicle by Force, Violence and Intimidation, While Possessing a Firearm.

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

United States District Court for the Eastern District of Texas

    IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the Middle District of Louisiana upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

| 7-1-05 | |
|---|---|
| *Date* | *United States District Judge* |

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

United States District Court for the Middle District of Louisiana

    IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| 7-14-05 | |
|---|---|
| *Effective Date* | *United States District Judge* |
| | JAMES J. BRADY |

A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT, TEXAS
BY _____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

FILED - CLERK
U.S. D... ...RT

93 JUL 22 PM 3: 44

TX. EA... ... ...MENT

BY 

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| VS. | * CRIMINAL NO. 1:93-CR-119 |
| | * |
| MICHAEL JAMES LANDRY, | * |
| BURTON EDWARD BAILEY, JR., and | * |
| VALENCIA ANNETTE BROWN | * |

## S U P E R C E D I N G    I N D I C T M E N T

THE UNITED STATES GRAND JURY CHARGES:

### COUNT I

**Violation:  18 USC § 371**
**Penalty:  Imprisonment of not**
**more than 5 years, a fine not**
**more than $250,000.00 or both.**
**Supervised Release:  Not more**
**than three (3) years.**
**Mandatory assessment:   $50**

From on or about July, 1993, and continuously thereafter, up to and including August, 1993, in the Eastern District of Texas, and elsewhere, **MICHAEL JAMES LANDRY; BURTON EDWARD BAILEY, JR.;** and **VALENCIA ANNETTE BROWN,** the Defendants herein, willfully and knowingly did combine, conspire, confederate and agree together, with each other, and with diverse other persons whose names are to the Grand Jury unknown, to knowingly and intentionally while possessing a firearm take by force and violence and by intimidation a motor vehicle that has been transported, shipped and received in interstate commerce from the person of presence of another in violation of Title 18, United States Code, Section 2119.

### OVERT ACTS

In pursuance of the said conspiracy and to effect the objects

A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT, TEXAS
BY _Tracy Chason_

thereof, in the Eastern District of Texas and elsewhere, the Defendants committed the following Overt Acts among others:

1. On or about July 14, 1993, **MICHAEL JAMES LANDRY; BURTON EDWARD BAILEY, JR.;** and **VALENCIA ANNETTE BROWN**, the Defendants herein, did knowingly take a Chevrolet Camaro automobile from the person and presence of Darrell Arcement.

2. On or about July 14, 1993, **MICHAEL JAMES LANDRY** and **BURTON EDWARD BAILEY, JR.**, the Defendants herein, did knowingly possess a firearm.

<u>COUNT II</u>

> **Violation: 18 USC § 2119 and 18 USC § 2**
> **Penalty: A fine of not more than $250,000 or imprisonment for not more than 15 years, or both, a period of supervised release of not more than five years.**
> **Mandatory Assessment: $50.00**

That on or about July 14, 1993, in the Eastern District of Texas, **MICHAEL JAMES LANDRY; BURTON EDWARD BAILEY, JR.;** and **VALENCIA ANNETTE BROWN**, Defendants herein, did aid and abet one another and possess a firearm -- to wit, a Stallard Arms 9mm caliber handgun bearing Serial No. 078345 -- and while possessing said firearm did unlawfully take a motor vehicle -- namely, a 1992 Chevrolet Camaro that had been transported, shipped, and received in interstate commerce -- from the person and presence of Darrell Arcement by force, violence, and intimidation and threatened serious bodily harm to Darrell Arcement, in violation of Title 18 United States Code Sections 2119 and 2.

COUNT III

> **Violation: 18 USC §§ 924(c)(1)**
> **Penalty: Imprisonment for five**
> **(5) years, a fine of not more**
> **than $250,000 or both; the term**
> **of imprisonment shall not run**
> **concurrently with any other**
> **term.**
> **Mandatory Assessment: $50**

That on or about July 14, 1993, in the Eastern District of Texas, the Defendants, **MICHAEL JAMES LANDRY and BURTON EDWARD BAILEY, JR.**, did knowingly and intentionally carry a firearm -- to wit, a Stallard Arms 9mm caliber handgun bearing Serial No. 078345 -- during and in relation to a carjacking crime for which they may be prosecuted in a Court of the United States; to wit, the crime set forth in Count II of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1).

COUNT IV

> **Violation: 18 USC § 922(g)(1).**
> **Penalty: not more than 10**
> **years imprisonment, a fine of**
> **not more than $250,000, or**
> **both.**
> **Mandatory Assessment: $50**

That on or about the 14th day of July, 1993, in the Eastern District of Texas, **MICHAEL JAMES LANDRY**, Defendant herein, did knowingly and unlawfully possess in and affecting commerce, a firearm -- to wit, a Stallard Arms 9mm caliber handgun bearing Serial No. 078345 -- and prior thereto the Defendant had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, all in violation of Title 18, United States Code, Section 922 (g)(1).

<u>COUNT V</u>

**Violation: 18 USC § 922(g)(1).**
**Penalty:     not more than 10**
**years imprisonment, a fine of**
**not  more  than  $250,000,  or**
**both.**
**Mandatory Assessment:  $50**

That on or about the 14th day of July, 1993, in the Eastern

District of Texas, **BURTON EDWARD BAILEY, JR.**, Defendant herein, did

knowingly and unlawfully possess in and affecting commerce, a

firearm -- to wit, a Stallard Arms 9mm caliber handgun bearing

Serial No. 078345 -- and prior thereto the Defendant had been

convicted in a court of a crime punishable by imprisonment for a

term exceeding one year, all in violation of Title 18, United

States Code, Section 922 (g)(1).

A TRUE BILL

GRAND JURY FOREMAN

BOB WORTHAM
United States Attorney

AO 245 S (Rev. 4/90 - EDTX 12/91) Sheet 1 - Judgment In a Criminal Case           Thu Oct 14 08:42:21 CDT 1993

# UNITED STATES DISTRICT COURT

## EASTERN        District of        TEXAS

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|

**V.**

(For Offenses Committed On or After November 1, 1987)

**MICHAEL JAMES LANDRY**

Case Number:   1:93cr119-1

Defendant's Attorney: Kent Johns

**THE DEFENDANT:**

Pleaded guilty to count(s):   2 of Indictment

**Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:**

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC Sec. 2119 | Unlawfully Taking a Motor Vehicle by Force, Violence and Intimidation, While Possessing a Firearm. . | 7/93 | 2 |

FILED - CLERK
U.S. DISTRICT COURT
93 OCT 15 PM 4:
TX EASTERN - BEAUMONT
BY

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

count(s)   1, 3 & 4   is/are dismissed on motion of the United States.

It is ordered that the defendant shall pay a special assessment of $ 50.00   for count(s)   2   , which shall be due   immediately.

   **IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:   10-13-93

_V. Eric Heinlein_
**U.S. Probation Officer**

_Signature of Judicial Officer_          Date 10-13-93

**JOE J. FISHER, U.S. DISTRICT JUDGE**
Name & Title of Judicial Officer

Defendant's:
   Social Security No.: 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
   Date of Birth: 08-21-71
   Mailing Address.

   Residence Address: 303 Juarez
                     New Iberia, LA

A·TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT, TEXAS
BY

Crim Order Book
Vol 33 Page 191

Defendant: MICHAEL JAMES LANDRY
Case Number: 1:93cr119-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of    One Hundred Forty (140) Months

The court makes the following recommendations to the Bureau of Prisons:

The defendant is remanded to the custody of the U.S. Marshal

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

Defendant: MICHAEL JAMES LANDRY
Case Number: 1:93cr119-1

## SUPERVISED RELEASE

**Upon release from imprisonment, the defendant shall be on supervised release for a term of:**

Three (3) Years

While on supervised release, the defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall also comply with the following conditions:

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons

The defendant shall not possess a firearm or destructive device.

The defendant shall participate in a program approved by the U.S. Probation Office for substance abuse, which may include testing to determine whether the defendant has reverted to the use of illegal drugs and/or alcohol.

OTHER CONDITIONS:

The defendant shall pay any restitution that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

The defendant shall provide the probation officer with access to any requested information as necessary to monitor his efforts to pay restitution.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the installment payment schedule.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In ADDITION:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notification, and to confirm the defendant's compliance with such notification requirement.

Defendant: **MICHAEL JAMES LANDRY**
Case Number: 1:93cr119-1

## RESTITUTION AND FORFEITURE

### RESTITUTION

**The Defendant shall make restitution to the following persons in the amounts shown:**

| Name of payee | Amount of Restitution |
|---|---|
| Darrell Arcement<br>11015 Lafferty Oaks<br>Houston, Texas  77013 | $802.84 |
| Greco Government Insurance Company<br>4201 Spring Valley Rd<br>Dallas, Texas  75244<br>Subrogation Department<br>Attn:  Claim #0026301180103071 | $561.93 |
| Total Restitution to be paid          - | $1,364.77 |

**Payments of restitution shall be paid to the the payee(s).**

**This restitution shall be paid   in full immediately**

**Any payment shall be divided proportionately among the payees named unless otherwise specified here.**

### FORFEITURE

**The defendant is not ordered to forfeit any property.**

Defendant: MICHAEL JAMES LANDRY
Case Number: 1:93cr119-1

## STATEMENT OF REASONS

**The court adopts the factual findings and guideline application in the presentence report.**

### Guideline Range Determined by the Court:

Total Offense Level     : 27

Criminal History Category: V

Imprisonment Range     : 120 to 150 months

Supervised Release Range : 2 to 3 years

Fine Range          : $12,500 to $125,000

**Fine is waived or is below the guideline range, because of defendant's inability to pay.**

**Restitution: $  1,364.77**

The sentence is within the guideline range, that range does not exceed 24 months and the court finds no reason to depart from the sentence called for by the application of the guidelines.